# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| MIQUEL D. BROWN,<br><br>     Plaintiff,<br><br>v.<br><br>JEREMY WILTZIUS,<br><br>     Defendant. | Case No. 24-CV-915-JPS<br><br><br>**ORDER** |

  Plaintiff Miquel D. Brown, an inmate confined at Kettle Moraine Correctional Institution ("KMCI") filed a pro se complaint under 42 U.S.C. § 1983 alleging that Defendant Wiltzius ("Wiltzius") violated his constitutional rights. ECF No. 1. This Order resolves Plaintiff's motion for leave to proceed without prepaying the filing fee and screens his complaint.

**1. MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE**

  The Prison Litigation Reform Act ("PLRA") applies to this case because Plaintiff was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the Court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. *Id.* § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

  On August 9, 2024, the Court ordered Plaintiff to pay an initial partial filing fee of $113.51. ECF No. 6. Plaintiff paid that fee on September 13, 2024. The Court will grant Plaintiff's motion for leave to proceed

without prepaying the filing fee. ECF No. 2. He must pay the remainder of the filing fee over time in the manner explained at the end of this Order.

2. **SCREENING THE COMPLAINT**

   2.1 **Federal Screening Standard**

Under the PLRA, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799

F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### 2.2 Plaintiff's Allegations

On February 28, 2024, Wiltzius called Plaintiff to the mail room to address inconsistencies in the address on his legal mail. ECF No. 1 at 2. Wiltzius told Plaintiff that his legal mail tested positive for synthetics cannabinoids. *Id.* As a result, Wiltzius placed Plaintiff in temporary lock up ("TLU"). *Id.* While in TLU, Wiltzius attempted to ask Plaintiff questions; Plaintiff refused to answer the questions and responded to Wiltzius in an angry/disrespectful tone. *Id.*

Wiltzius then retaliated against Plaintiff by filing a bogus conduct report on Plaintiff. *Id.* Wiltzius manufactured and fabricated evidence against Plaintiff by lying about the dates and times that he called Plaintiff to the mail room and alleging that he opened Plaintiff's legal mail in front of him. *Id.* Wiltzius provided that the incident in the mailroom occurred on February 27, 2024, and that he opened up Plaintiff's legal mail in his presence. *Id.* Wiltzius lied so that he could try to cover up the fact that he opened up legal mail outside of Plaintiff's presence, in violation of institutional policy and the constitution. *Id.* at 3.

Wiltzius further retaliated against Plaintiff by lying that the mail tested positive for synthetics. *Id.* This was a lie because the test results showed only that a possible substance was detected. *Id.* Wiltzius knew that the test he used often yields a false positive and is less accurate than a definitive test, which is required to confirm the presence of drugs. *Id.*

Plaintiff received ninety days disciplinary separation for a violation of DOC 303.43 – Possession of Intoxicants. *Id.* Wiltzius also manufactured evidence against Plaintiff by saying that he violated DOC 303.36(A) – Enterprise Fraud – and DOC 303.49 – Unauthorized Use of Mail. *Id.* at 3-4. Plaintiff maintains his innocence for the disciplinary charges against him. *Id.* at 4.

### 2.3  Analysis

First, the Court finds that Plaintiff may not proceed on an access to courts claim for Wiltzius opening his "legal mail" outside his presence. The Seventh Circuit has clarified that not all legal mail is entitled to the same level of confidentiality. *See Guajardo-Palma v. Martinson*, 622 F.3d 801, 803–04 (7th Cir. 2010); *see also Sovereignty Joeseph Helmueller Sovereign Freeman v. Wilson*, No. 23-1962, 2023 WL 8274582, at *1 (7th Cir. Nov. 30, 2023) (distinguishing between legal mail from a prisoner's lawyer and public or nonconfidential documents of a legal nature.) A prisoner suffers no constitutional harm when public documents that "prison officials have as much right to read as the prisoner" or "routine and nonsensitive" nonpublic documents are opened outside the prisoner's presence. *Guajardo-Palma,* 622 F.3d at 804–06 (holding that "as long as the prison confines itself to opening letters that either are public or if private still are not of a nature that would give the reader insights into the prisoner's legal strategy, the practice is harmless and may be justified by the volume of such mail that a litigious prisoner can generate").

Here, Plaintiff provides no information regarding the type of legal mail that was opened outside of his presence. The Court is therefore unable to determine whether the mail was of a public or private nature, which necessarily affects the Court's analysis of the claim. As such, the Court does not find that Plaintiff's allegations as currently submitted states a claim.

Plaintiff will be afforded the opportunity to amend his complaint and provide more detail regarding this claim.

Second, the Court finds that Plaintiff may not proceed on a Fourteenth Amendment claim for a deprivation of liberty without due process. A prisoner challenging the process he was afforded in a prison disciplinary proceeding must meet two requirements: (1) he has a liberty or property interest that the state has interfered with; and (2) the procedures he was afforded upon that deprivation were constitutionally deficient. *Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007) (citing *Rowe v. DeBruyn*, 17 F.3d 1047, 1053 (7th Cir. 1994)).

"A prisoner's liberty interest, and incumbent entitlement to procedural due process protections, generally extends only to freedom from deprivations that 'impose[ ] atypical and significant hardship on the inmate in relation to the ordinary incidents of prisoner life." *Lekas v. Briley*, 405 F.3d 602, 608 (7th Cir. 2005) (quoting *Sandin v. Conner*, 515 U.S. 472, 483–84 (1995)). In the absence of an "atypical and significant" deprivation, the procedural protections of the Due Process Clause are not triggered. *Id.* Disciplinary segregation can trigger due process protections. *Marion v. Columbia Correctional Inst.*, 559 F.3d 693, 697 (7th Cir. 2009) (citations omitted). When making the determination whether an inmate is entitled to such protections, courts analyze "the combined import of the duration of the segregative confinement and the conditions endured by the prisoner during that period." *Id.* If conditions in segregation are significantly harsher than those in the normal prison environment, then a liberty interest may arise even when the duration of the segregation, standing alone, would not trigger such an interest. *Id.* at 697–98. On the one hand, "six months of segregation is 'not such an extreme term' and, standing alone, would not

trigger due process rights." *Id.* at 698 (quoting *Whitford v. Boglino*, 63 F.3d 527, 533 (7th Cir. 1995)). On the other end of the spectrum, transfer to a maximum-security prison and placement in segregated confinement for an indefinite duration where virtually all sensory and environmental stimuli are denied, little human contact is permitted, and prisoners otherwise eligible for parole are disqualified from parole eligibility, taken together, impose an atypical and significant hardship within the correctional context. *Id.* at 697 (citing *Wilkinson v. Austin*, 549 U.S. 209, 224 (2005)).

Once a liberty or property interest has been invoked, the Court looks to what process was due. Prison disciplinary hearings satisfy procedural due process requirements where an inmate is provided: (1) written notice of the charge against the prisoner twenty four (24) hours prior to the hearing; (2) the right to appear in person before an impartial body; (3) the right to call witnesses and to present physical/documentary evidence, but only when doing so will not unduly jeopardize the safety of the institution or correctional goals; and (4) a written statement of the reasons for the action taken against the prisoner. *See Wolff v. McDonnell*, 418 U.S. 539, 563–69 (1974); *Cain v. Lane*, 857 F.2d 1139, 1145 (7th Cir. 1988). Not only must the requirements of *Wolff* be satisfied, but the decision of the disciplinary hearing board must be supported by "some evidence." *Black v. Lane*, 22 F.3d 1395, 1402 (7th Cir. 1994).

Here, Plaintiff's complaint does not contain facts showing that Wiltzius interfered with a liberty interest. Plaintiff alleges generally that he received ninety days in disciplinary segregation as a result of the falsified conduct report, but he does not elaborate on any of the conditions he experienced during that time. On these facts alone, the Court cannot determine that Plaintiff suffered an atypical and significant deprivation. *See*

Page 6 of 11
Case 2:24-cv-00915-JPS   Filed 10/23/24   Page 6 of 11   Document 7

*Marion*, 559 F.3d at 698. Accordingly, based on the allegations in Plaintiff's complaint, the Court cannot determine that Plaintiff had a protected liberty interest. Plaintiff takes issue with Wiltzius violating certain prison policies, however, "violation of a prison policy alone does not violate the Constitution…." *Schroeder v. Sawall*, 747 F. App'x 429, 431 (7th Cir. 2019) (citing *Lewis v. Richards*, 107 F.3d 549, 553 n. 5 (7th Cir. 1997); *Langston v. Peters*, 100 F.3d 1235, 1238 (7th Cir. 1996)). As such, Plaintiff may not proceed on a due process claim.

Finally, the Court finds that Plaintiff may not proceed on a First Amendment retaliation claim. To prevail on a retaliation claim, Plaintiff must ultimately show that: "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation likely to deter such activity; and (3) the First Amendment activity was at least a motivating factor in the decision to impose the deprivation." *Hawkins v. Mitchell*, 756 F.3d 983, 996 (7th Cir. 2014). The Seventh Circuit has instructed that the proper question in determining whether speech is protected is whether the prisoner "'engaged in [the] speech in a manner consistent with legitimate penological interests.'" *Whitfield v. Spiller*, 76 F.4th 698, 708 (7th Cir. 2023) (quoting *Watkins v. Kasper*, 599 F.3d 791, 796 (7th Cir. 2010). The Seventh Circuit has found that speech is not protected where it is disruptive, confrontational, or something that violates prison disciplinary policies such as "back talk." *Id.* (quotations omitted).

Here, Plaintiff generally alleges that Wiltzisus's actions were all done in retaliation to Plaintiff. However, it is not clear to the Court what the alleged protected activity is in this instance. Plaintiff admits that he initially responded to Wiltzius's inquiry about the mail in an angry and disrespectful tone. As such, Plaintiff's allegations as currently pled do not

suggest that he had engaged in protected speech so as to invoke the First Amendment. Plaintiff may amend his complaint in this regard as well if he wishes to pursue this claim.

The Court will allow Plaintiff the opportunity to file an amended complaint on or before **November 13, 2024**. When writing his amended complaint, Plaintiff should provide the Court with enough facts to answer the following questions: (1) Who violated his constitutional rights?; (2) What did each person do to violate his rights?; (3) Where did each person violate his rights?; and (4) When did each person violate his rights? Plaintiff's amended complaint does not need to be long or contain legal language or citations to statutes or cases, but it does need to provide the Court and each Defendant with notice of what each Defendant allegedly did or did not do to violate his rights.

The Court is enclosing a copy of its amended complaint form and instructions. Plaintiff must list all of the defendants in the caption of his amended complaint. He should use the spaces on pages two and three to allege the key facts that give rise to the claims he wishes to bring, and to describe which defendants he believes committed the violations that relate to each claim. If the space is not enough, Plaintiff may use up to five additional sheets of paper.

Plaintiff is advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in

the amended pleading." *Id.* at 1057 (citation omitted). If the amended complaint is received, it will become the operative complaint in this action, and the Court will screen it in accordance with 28 U.S.C. § 1915A.

## 3. CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepaying the filing fee, ECF No. 2, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the complaint fails to state a claim;

**IT IS FURTHER ORDERED** that Plaintiff may file an amended complaint that complies with the instructions in this Order on or before **November 13, 2024**. If Plaintiff files an amended complaint by the deadline, the Court will screen the amended complaint under 28 U.S.C. § 1915A. If Plaintiff does not file an amended complaint by the deadline, the Court will dismiss this case based on his failure to state a claim in his original complaint and will issue him a "strike" under 28 U.S.C. § 1915(g);

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a blank prisoner amended complaint form and a copy of the guides entitled "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions," along with this Order;

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the $236.49 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Plaintiff is transferred to

another county, state, or federal institution, the transferring institution shall forward a copy of this Order along with his remaining balance to the receiving institution; and

**IT IS FURTHER ORDERED** that a copy of this Order be sent to the officer in charge of the agency where Plaintiff is confined.

Dated at Milwaukee, Wisconsin, this 23rd day of October, 2024.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

Plaintiffs who are inmates at Prisoner E-Filing Program institutions shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Prisoner E-Filing is mandatory for all inmates at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

Plaintiffs who are inmates at all other prison facilities, or who have been released from custody, will be required to submit all correspondence and legal material to:

        Office of the Clerk
        United States District Court
        Eastern District of Wisconsin
        362 United States Courthouse
        517 E. Wisconsin Avenue
        Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.